IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROHN MICHAEL WEATHERLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-060-Z-BR |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Plaintiff Rohn Michael Weatherly ("Plaintiff") brings this action seeking a writ of mandamus as to several employees of the Texas Department of Criminal Justice ("TDCJ"), ordering them to provide Plaintiff with certain medical and dental procedures. (ECF 3). Plaintiff has not paid a filing fee nor moved to proceed *in forma pauperis*. However, the undersigned issues these findings, conclusions, and recommendation to dismiss pursuant to the case screening authorized by 28 U.S.C. § 1915A. *See also Clervrain v. Coraway*, 786 Fed. App'x 1, 3 (5th Cir. 2019) (allowing district courts to dismiss cases filed by plaintiffs on §1915A grounds without allowing them to amend where plaintiffs have had the opportunity to state their 'best case.') (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).

Mandamus "is an extraordinary remedy for extraordinary causes." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc). Federal courts may issue a writ of mandamus only if "(1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the

circumstances." *In re United States ex rel. Drummond*, 886 F.3d 449, 449–50 (5th Cir. 2018) (quotation marks and citations omitted). Needless to say, this is a high bar.

The undersigned is of the view that mandamus is not the appropriate relief in this matter for two reasons. First, Plaintiff has the ability to request and receive medical care through internal TDCJ procedures. (ECF 3 at 2). While the speed with which TDCJ may be acting in his case may not be to Plaintiff's satisfaction, his situation as presented in the pleadings is a far cry from the sort of abject failure to provide medical care needed to adequately state a constitutional violation, the which is level of injury necessary for the undersigned to feel compelled to intervene. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("The mere delay of medical care can also constitute an Eighth Amendment violation but only 'if there has been deliberate indifference [that] results in substantial harm.'") (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)).

Second, the Supreme Court has directed the district courts to refrain from involving themselves in the administration of prisons. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Jones v. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137 (1977) (Burger, C.J., concurring). Granting a writ of mandamus in this case would necessarily mean involving the Court in the affairs of prison administration, an endeavour it is unqualified to embark upon.

For these reasons, the undersigned finds that a writ of mandamus is not appropriate in this matter. The undersigned additionally finds that further amendments by Plaintiff in pursuit of a writ would be futile.[1] Accordingly, the case should be dismissed.

---

[1] For the reasons discussed herein, mandamus is not the proper vehicle for redress. Even if the undersigned were to construe Plaintiff's Petition as a civil rights complaint under § 1983, it would be fatally deficient under the delayed medical care standard required to state an Eighth Amendment claim. (ECF 3-1 at 1); *Easter*, 467 F.3d at 463. At best, he has stated a negligence claim, which does not rise to the standard required. However, with some additional factual support, a civil rights action under 42 U.S.C. § 1983 may be valid.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Mandamus, (ECF 3), be dismissed with prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 2, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).